WALTER C. HARDIN, Plaintiff, *v.* CITY OF SCHENECTADY, Defendant.

County Court, Schenectady County, January 30, 1935.

Plaintiff in person and by *E. Hamilton Smith.*

*William D. Smith, Corporation Counsel [Arlen T. St. Louis, Assistant Corporation Counsel,* of counsel], for the defendant.

LIDDLE, J. The complaint alleges, among other things, the filing of a notice of claim against the city of Schenectady, which is denied in the answer but not controverted upon trial. The complaint further contains the usual allegations of negligence on behalf of defendant and defendant's employees and demands the sum of $400 damages.

The defendant denies its liability for the damages sustained and urges upon the court that it was not negligent.

From the testimony it appears that on the 6th day of June, 1934, at about three P. M., the plaintiff had parked his automobile at a point east of Clinton street on the south side of State street, parallel with the curb and opposite Richards' billiard rooms in the city of Schenectady. That while so parked, a hook and ladder fire truck belonging to the defendant and being operated by a fireman duly appointed to drive the truck and acting within the scope of his employment (See Highway Law, § 282-g), collided with plaintiff's parked car causing damages in the amount of $165. It further appears that a fire alarm had sounded and this hook and ladder fire truck was in the act of responding thereto and thereby was performing a governmental function.

It appears that for some time before the sounding of the alarm and up to the time of the collision an extreme rainfall took place. That

when the truck left the Albany street fire station " water covered the street from curb to curb." Under this condition the truck was being driven at a speed of not less than twenty miles an hour down Albany street for several blocks before the operator first applied his brakes, when he found they " would not hold." Upon his application of both the emergency and foot brakes there was no resistance or slackening of the speed of the truck. The driver testified he could not make a right-hand turn at Armory place and instead continued westerly down an incline on Albany street passing the court house in the city of Schenectady. The water was described as being at least one foot in depth at this point.

The truck entered State street on a continuous down grade and at a point opposite where plaintiff's car was parked it swayed and careened and crashed into plaintiff's car, causing the damages complained of. Several other cars parked in the immediate vicinity were likewise damaged. Fortunately no one was personally injured. At no time does it appear that the brakes, although applied, resisted or slowed down the momentum of the truck. This hook and ladder fire truck was built by the American LaFrance Company in 1923, and soon afterward purchased by the city of Schenectady. It was forty-seven feet long. It weighed 17,000 pounds. It was equipped with disk wheels. It was also equipped with emergency and hand brakes. It was operated by a chauffeur and by a tillerman on the rear truck. It was equipped with open or " exposed " brakes. These brakes had recently been inspected. The emergency brake was described as being " external, expanding and operating on the front wheel." The service or foot brake was described as " contracting and external." They were further described as " exposed."

When the truck was returned to the fire station the testimony shows that the brakes " were wet, wouldn't take hold." These exposed open brakes permitted water to so soak them that they were rendered useless for the time.

The driver of the truck appears to have exercised a reasonable degree of care in the physical operation of the truck under difficult circumstances.

Subdivision 1 of section 15 of the Vehicle and Traffic Law in part reads as follows: "*Every motor vehicle,* operated or driven upon the public highways of the State, *shall* be provided with *adequate brakes* * * * in *good working order* and sufficient to control such vehicle *at all times* when the same is in use."

It conclusively appears that these " exposed " brakes subjected to this water condition at the time was the proximate cause of the accident. Antiquated brakes such as this fire truck was equipped with should not be countenanced.

Section 282-g of the Highway Law eliminates the common-law rule of non-liability of a municipality. A municipality may now, however, be held liable in the event it or its employees negligently operate or maintain its equipment. (See *Snyder* v. *City of Binghamton*, 138 Misc. 259; affd., 233 App. Div. 782; *Rosenthal* v. *Hastings-on-Hudson*, 241 id. 890.)

The degree of care to be exercised must be that degree of care commensurate to the use *at all times* for which the equipment is to be used. The defendant failed to exercise this degree of care. Property is not only to be protected but the lives of the employees of a municipality and its citizens must likewise be protected. Had this uncontrolled fire truck with these antiquated and exposed brakes collided with a bus or trolley loaded with people great damage and loss of life might ensue. These brakes did not function at a time when most needed as required by statute or a reasonable interpretation thereof as applied to the facts before the court.

I can arrive at no other conclusion than that the defendant through its agents and employees failed to exercise the degree of care as above indicated in the use and maintenance of its equipment and that the defendant was negligent and must answer to the plaintiff in damages.

Judgment is directed to be entered in favor of the plaintiff and against the defendant for the sum of $165 damages, together with the costs of the action, to be taxed. (See Civ. Prac. Act, § 440.)